UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SARATOGA RESOURCES, INC.** | * | **CIVIL ACTION NO. 4:14-cv-2270** |
| | * | |
| **VERSUS** | * | **JUDGE** _____ |
| | * | |
| **AMERICAN INTERNATIONAL** | * | **MAGISTRATE** _____ |
| **GROUP, INC. AND LEXINGTON** | * | |
| **INSURANCE COMPANY** | * | |

## ORIGINAL COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes plaintiff, Saratoga Resources, Inc. ("Saratoga"), who files this Complaint against defendants, American International Group, Inc. ("AIG" or "Insurer") and Lexington Insurance Company ("Lexington") (collectively, "Defendants"), the insurers and/or underwriters of an insurance policy covering certain oil and gas properties and assets owned by Saratoga (or its subsidiaries), located in State of Louisiana waters off the coast of Plaquemines Parish, Louisiana. This lawsuit arises from a dispute between Saratoga and Defendants regarding the amount due Saratoga pursuant to the language of the insurance policy at issue for damage caused by Hurricane Isaac. Saratoga alleges the following, to-wit:

## PARTIES

1.

Saratoga is an oil and gas production company. It is incorporated in the State of Texas and maintains its principal place of business in the State of Louisiana.

1

2.

AIG is an insurance company doing business and underwriting insurance policies throughout the United States and the world.  It is incorporated in the State of Delaware and maintains its principal place of business in the State of New York.

3.

Lexington is an insurance company doing business and underwriting insurance policies throughout the United States.  It is a member company of AIG.  Lexington is incorporated in the State of Delaware and maintains its principal place of business in Massachusetts.

**JURISDICTION**

4.

Subject matter jurisdiction is vested in this Court on the basis of diversity of citizenship in accordance with 28 U.S.C. § 1332.

5.

The amount in controversy herein exceeds the sum and value of $75,000, exclusive of interest and costs.

6.

This matter in controversy is between citizens of different states.  Saratoga is a citizen of the States of Texas and Louisiana.  AIG is a citizen of the States of Delaware and New York.  Lexington is a citizen of the States of Delaware and Massachusetts.  Therefore, there is complete diversity between Saratoga and Defendants.

## VENUE

7.

Venue is proper in this judicial district in accordance with 28 U.S.C. § 1391(a)(1) and (2).

8.

Pursuant to 28 U.S.C. § 1391(c), both AIG and Lexington are residents of the State of Texas as they are subject to the court's personal jurisdiction. Moreover, both AIG and Lexington reside in this judicial district.

9.

In the alternative, a substantial part of the events or omissions giving rise to the claim occurred within this judicial district as the policy was negotiated Houston, executed in Houston, and ultimately delivered to Saratoga's business address in Houston.

## FACTUAL BACKGROUND

10.

On August 28, 2012, Hurricane Isaac made landfall in Louisiana. Hurricane Isaac caused over $2 million in damage to Saratoga's properties located in state waters off the coast of Plaquemines Parish.

11.

Saratoga owns a number of oil and gas properties (listed below) that are insured and underwritten by a commercial insurance policy known as Lexington's Inland Waterways Policy No. 035826027 ("Policy"). *See* Ex. A. The Policy was originally underwritten by Lexington Insurance Company but is now underwritten by AIG. This Policy was sold to Saratoga through its insurance broker, McGriff, Seibels & Williams ("McGriff"), in May 2011. The Policy provided

coverage from May 18, 2012 thru May 18, 2013. The total premium paid for the Policy was $958,688.

12.

The Policy is an "occurrence" policy. There is no dispute that the damage caused by Hurricane Isaac was an occurrence, as defined by the Policy. An "Occurrence" is any "one loss, disaster, casualty or series of losses, disasters, or casualties, arising out of one event. When the term applies to loss or losses from the perils of tornado, cyclone, hurricane, windstorm . . . one event shall be construed to be all losses arising during a continuous period of 72 hours." Later, it states that "losses or damages arising from the same occurrence shall be treated as one occurrence." *See* Ex. A, p. 9.

13.

The properties owned by Saratoga (or its subsidiaries) that sustained damage from Hurricane Isaac (collectively, the "Properties") were scheduled as follows:

| Property | Scheduled Value (U.S. Dollars) | 5% Deductible (U.S. Dollars) |
|---|---|---|
| Grand Bay | $8,000,000 | $400,000 |
| Breton Sound 18 | $2,000,000 | $100,000 |
| Breton Sound 32 | $3,500,000 | $175,000 |
| Main Pass 25 | $2,000,000 | $100,000 |
| Main Pass 46 | $500,000 | $25,000 |
| Main Pass 52 | $2,000,000 | $100,000 |
| Breton Sound 51 | $250,000 | $12,500 |

14.

Quickly following the passage of the storm (on or about August 30, 2012), Saratoga placed its insurance broker, McGriff, and Defendants on notice regarding the damage(s) to its properties as a result of Hurricane Isaac.

4

15.

Subsequently, AIG sent its adjuster, Braemar Adjusting ("Braemar"), to inspect and survey the damage to the Properties. Braemar took a number of photographs of the damage and included them in two reports. The first report was issued on March 4, 2013, and the second and final report was issued on April 17, 2013.

16.

Defendants provided interim support to Saratoga pursuant to the terms of the Policy to cover various damage(s) that Saratoga's Properties sustained as a result of Hurricane Isaac. However, there is still money due and owing Saratoga.

17.

A dispute arose between Saratoga and Defendants regarding the amount of the deductible to be paid pursuant to the terms of the Policy.

18.

With regard to the deductible, the Policy states as follows:

> Each claim for loss or damage under this policy shall be subject to a per occurrence retention amount of $125,000 unless specific deductible shown below applies:
>
> **Earth Movement/Flood/Named Windstorm**: 5% of Total Insurable Values at the time and place of the loss, subject to a minimum of US $250,000 any one occurrence.
>
> *If two or more deductible amounts apply to a single occurrence, the total to be deducted shall not exceed the largest deductible applicable* unless otherwise stated in the policy.

*See* Ex. A, p. 14 (underlines in original; italics added).

19.

The only instance where "two or more deductible amounts" could apply to a single occurrence under the Policy is when multiple properties identified in Paragraph 13 of this Complaint sustain a loss.

20.

The Grand Bay property has a Scheduled Value of $8,000,000 and is the largest value of the insured properties that sustained damage as a result of Hurricane Isaac. Five percent of $8,000,000 is $400,000. Thus, the proper deductible to be applied should be $400,000.

21.

In its first report, AIG's adjuster stated on the cover page that the deductible is $400,000, which squares with Saratoga's interpretation of how the deductible should be calculated.

22.

AIG interprets the language of the deductible provision to mean that the appropriate deductible to be charged is $912,500. It reaches this amount by calculating 5% of the value of all of Saratoga's properties.

23.

AIG's interpretation of the deductible is incorrect and unreasonable. It renders the "[i]f two or more deductible amounts apply" inoperable as no two deductible amounts could ever apply.

**COUNT ONE: DECLARATORY JUDGMENT**

24.

Saratoga incorporates paragraphs 1–23 of this Complaint by reference and repeats them as if set forth fully herein.

25.

Saratoga's interpretation of the way in which the deductible should be calculated (as set forth above) is proper and correct based on the clear and unambiguous language of the Policy.

26.

To the extent, and only to the extent, this Court finds the deductible is unclear or ambiguous and subject to more than one interpretation, Saratoga's interpretation of the deductible provision is reasonable. Even if Defendants' interpretation is also found to be reasonable (which is denied), the Policy is to be interpreted and construed liberally in favor of Saratoga and strictly against Defendants.

27.

The dispute relating to the appropriate amount to be paid per the language of the Policy is ripe for this Court's consideration. Accordingly, Saratoga requests that the Court interpret the relevant policy language relating to the deductible, recognize that Saratoga's interpretation of said Policy language is correct, and declare that the proper deductible amount is $400,000.

**COUNT TWO: BREACH OF CONTRACT**

28.

Saratoga incorporates paragraphs 1–27 of this Complaint by reference and repeats them as if set forth fully herein.

29.

The Policy constitutes a valid contract between the parties.

30.

Saratoga performed according to the terms of contract at all times, including after Hurricane Isaac.

31.

Defendants' interpretation of the deductible language in the Policy and failure to tender the full amount due and owing Saratoga constitutes breach.

32.

While defendants tendered interim payments to Saratoga on its Hurricane Isaac claim, the amount tendered is incomplete. The proper deductible under the Policy is $400,000, but Defendants deducted $912,500 from their tender. Defendants still owe Saratoga an additional $512,500.

33.

Defendants' continued refusal to tender the $512,500 due and owing under the Policy is arbitrary and constitutes breach.

34.

Saratoga is also entitled to reasonable attorneys' fees incurred in pursuing this action in accordance with Texas Civil Practice & Remedies Code § 38.001(8).

## **PRAYER FOR RELIEF**

35.

**WHEREFORE**, Plaintiff prays for the following relief:

(a)  A declaration:

   1. Setting forth the rights and obligations of the parties with respect to the language of the Policy regarding proper calculation of the deductible;

   2. That Saratoga's interpretation of the policy is correct;

   3. That $512,500 remains due and owing Saratoga by AIG and/or Lexington, such amount being the difference between the amount Defendants claim represents

    the applicable deductible ($912,500) and the amount Saratoga claims represents the applicable deductible ($400,000) for the claim made by Saratoga to recover for damages caused to its properties following Hurricane Isaac;

(b) and Lexington;

(c) Pre-judgment interest from the date Defendants' originally calculated the deductible owed by Saratoga;

(d) All attorneys' fees afforded by law;

(e) All court costs authorized by law;

(f) All other equitable and just relief the law may permit.

        **SLATTERY, MARINO & ROBERTS**

By:    s/ C. Jacob Gower
    Paul J. Goodwine, T.A. (to be admitted *pro hac vice*)
    Emile J. Dreuil (to be admitted *pro hac vice*)
    C. Jacob Gower (attorney-in-charge, Tx Bar No. 24090133)

    1100 Poydras Street, Suite 1800
    New Orleans, Louisiana 70163
    Telephone: (504) 585-7800
    Facsimile: (504) 585-7890

    **Attorneys for Saratoga Resources, Inc.**